**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Robert Sabo,<br><br>Plaintiff,<br><br>v.<br><br>FBG Enterprises Opco, LLC d/b/a<br>Fanatics Betting & Gaming,<br><br>Defendant. | Case No:<br><br><br>**COMPLAINT**<br><br><br>JURY TRIAL DEMANDED |

Plaintiff Robert Sabo ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant FBG Enterprises Opco, LLC d/b/a Fanatics Betting & Gaming ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1.     This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2.     Plaintiff is a professional photographer based in New York who creates, licenses, markets, and distributes original photographic images for editorial, commercial, sports, entertainment, celebrity, and news-related uses. Through years of professional experience, Sabo has developed a substantial portfolio of original photographic works depicting athletes, entertainers, public figures, breaking-news events, and matters of public interest.

3.     Plaintiff's photographs have been widely published and licensed by newspapers, magazines, websites, broadcasters, and other media organizations throughout the United States. His work regularly appears in connection with coverage of professional sports, entertainment, celebrity news, current events, and other newsworthy subjects and is commercially licensed for use in both digital and print media.

4.     Through the creation and licensing of original visual content, Plaintiff has established a reputation for producing high-quality editorial photography and derives income from

1

the authorized licensing and distribution of his copyrighted works. Plaintiff has devoted substantial time, skill, creativity, and financial resources to creating and maintaining a valuable portfolio of original images.

5.    Plaintiff created a photograph of baseball player Max Scherzer standing on the field in a pinstriped New York Mets uniform (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

6.    Plaintiff owns, controls, and licenses copyrighted photographic works, including the Photograph that is the subject of this action. Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit its copyrighted photographs.

7.    Plaintiff relies upon licensing revenue generated from the lawful use of its photographs and actively protects its copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of its copyrighted works, and interferes with the market for authorized licenses.

8.    Defendant is a sports betting, gaming, and digital media company that operates online and retail sports wagering platforms throughout the United States. Through its Fanatics Sportsbook and related gaming services, Defendant markets, promotes, and provides sports betting, gaming, and entertainment content to consumers through various digital channels, websites, mobile applications, and social media platforms.

9.    Upon information and belief, Defendant owns, operates, manages, maintains, and/or controls the social media account on X (formerly Twitter) known as "fanaticsbook_pb" (the "*Account*"). The Account is used by Defendant to publish, distribute, display, and promote sports-related content, betting information, commentary, promotional materials, advertisements, and branded content to the public.

10.    Upon information and belief, the Account forms an integral part of Defendant's commercial enterprise and is used to attract customers, promote Defendant's sportsbook and

gaming services, increase public visibility, drive user engagement, strengthen brand recognition, and generate revenue. The Account is maintained for Defendant's commercial benefit and serves as a marketing, promotional, and customer-engagement platform for Defendant's sports betting and gaming operations.

11.    Upon information and belief, all content appearing on the Account, including photographs, images, videos, graphics, advertisements, and promotional materials, is selected, published, authorized, approved, controlled, and/or distributed by Defendant or by persons acting on Defendant's behalf and within the scope of their authority.

12.    Upon information and belief, Defendant exercises editorial, managerial, and operational control over the content appearing on the Account and derives commercial value from the traffic, visibility, user engagement, advertising, marketing, and promotional benefits generated through the Account.

13.    Defendant, without authorization, reproduced and publicly displayed the Photograph in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

### PARTIES

14.    Plaintiff Robert Sabo is an individual who is a citizen of the State of New York and maintains a principal place of business in Westchester County, New York.

15.    Defendant FBG Enterprises Opco, LLC d/b/a Fanatics Betting & Gaming, is a Delaware limited liability company with a principal place of business at 95 Morton Street, 7th Floor, New York in New York County, New York.

### JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

17.    This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

18.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a)

3

because Defendant may be found in this District, regularly conducts business in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District, including the unauthorized reproduction, display, distribution, and/or exploitation of Plaintiff's copyrighted work.

**FACTS COMMON TO ALL CLAIMS**

**A.    Plaintiff's Copyright Ownership**

19.    Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

20.    Plaintiff has devoted substantial time, skill, effort, and expense to developing his photography business and creating a portfolio of original photographs.

21.    Plaintiff's photographs are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in both digital and print media.

22.    Plaintiff is the author and copyright owner of numerous original photographic works protected under the Copyright Act, including the photographs that are the subject of this action.

23.    Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit his copyrighted photographs.

24.    Plaintiff derives income from the licensing and authorized use of his copyrighted works and maintains exclusive rights in the works he creates pursuant to the Copyright Act.

25.    Plaintiff relies upon licensing revenue derived from the authorized use of his photographs and actively protects his copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of his copyrighted works, and interferes with the market for authorized licenses.

26.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others

4

are the subject of pending copyright applications.

27.    Plaintiff regularly licenses Plaintiff's photographs to media outlets, brands, and commercial entities for a fee.

28.    Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

29.    On September 3, 2022, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

30.    Plaintiff published the Photograph by commercially licensing it to the New York Post for the purpose of display and/or public distribution.

31.    In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

32.    On October 29, 2022, the Photograph was registered by the USCO under Registration No. VA 2-326-548.

33.    Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

B.    **Defendant's Infringing Activity**

34.    Defendant is the registered owner of the Account and is responsible for its content.

35.    Defendant is the operator of the Account and is responsible for its content.

36.    The Account is a part of and used to advance Defendant's commercial enterprise.

37.    Upon information and belief, the Account forms part of Defendant's commercial enterprise and is used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

38.    Upon information and belief, Defendant is a sophisticated media company with advanced operational and strategic expertise in an industry where copyright is prevalent.

39.    Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because the Photograph was of professional

5

quality and distributed through commercial channels. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

40.    Upon information and belief, Defendant's personnel have significant experience in copyright matters and are familiar with industry practices requiring that photographs used in commercial content, advertising, marketing materials, and social-media posts be properly licensed.

41.    Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

42.    Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

43.    Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

44.    On or about April 19, 2023, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Photograph on the Account as part of an on-line post at URL: https://twitter.com/fanaticsbook_pb/status/1648821481349033987 (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

45.    The Photograph was intentionally and volitionally copied and stored by Defendant at URL: https://pbs.twimg.com/media/FuHKZcQWYAI2YTa?format=jpg&name=small.

46.    The Infringement is a copy of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

47.    Plaintiff first observed the Infringement on March 4, 2024.

48.    Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the

6

Photograph.

49. The Infringement includes a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

50. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Account, including Plaintiff's Photograph.

51. Defendant exercised control over the content published on its Account and was responsible for selecting, uploading, and displaying the Photograph. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.

52. Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Account by, inter alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf (collectively, the "*Representatives*").

53. Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Account on Defendant's behalf.

54. Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photograph.

55. Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Account, including the content containing Plaintiff's Photograph.

56. Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Account. As a result, Defendant had actual and/or constructive knowledge of the content published

thereon, including the Infringement.

57.    Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Account and exercised such control through its Representatives acting within the course and scope of their authority.

58.    Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

59.    Upon information and belief, Defendant is not entitled to the limitations on liability set forth in 17 U.S.C. §512 because the Infringements were selected, uploaded, approved, published, and/or distributed by Defendant and/or its Representatives acting within the scope of their authority.

60.    Upon information and belief, the Infringements were not posted at the direction of a "user" within the meaning of 17 U.S.C. §512(c), but instead were affirmatively selected and published by Defendant and/or its Representatives.

61.    Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

62.    Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

63.    Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Account

64.    Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

65.    Upon information and belief, Defendant monitors the content on its Account.

8

66.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

67.     Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase in its business revenues.

68.     Upon information and belief, Defendant distributed the Infringement to a broad audience through the Account and derived commercial value from the resulting user traffic, engagement, advertising impressions, and/or promotional exposure.

69.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

70.     Defendant's use of the Photograph harmed the actual market for the Photograph.

71.     Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

72.     Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license his work to other commercial entities.

73.     On or about March 19, 2024, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

74.     Thereafter, on or about April 17, 2024, Plaintiff, through counsel, sent a follow-up communication seeking to resolve the dispute without litigation and affording Defendant an additional opportunity to address Plaintiff's claims.

75.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST CAUSE OF ACTION
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

76.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

77.     The Photograph is an original, creative work in which Plaintiff owns a valid

9

copyright.

78.     The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

79.     Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

80.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

81.     Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

82.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

83.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

84.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

85.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

**JURY DEMAND**

86.    Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

  a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

  b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

  c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

  d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

  e.    for pre-judgment interest as permitted by law; and

  f.    for any other relief the Court deems just and proper.

DATED: July 7, 2026

**SANDERS LAW GROUP**

By: ___*/s/ Craig Sanders*___
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129700

*Attorneys for Plaintiff*
